**AFFIRM and Opinion Filed April 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00293-CR

**EDUARDO ORTEGA, Appellant**
V.
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F09-35217-I**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

A jury convicted Eduardo Ortega of indecency with a child by contact and sentenced him to twenty years' imprisonment. In his sole issue, Ortega contends the trial court erred by refusing to declare a mistrial after a witness testified about extraneous offenses. We affirm the trial court's judgment. We issue a memorandum opinion in this case because the law to be applied is well settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

### Background

Ortega's niece, A.S., was twenty-two years old at the time of trial. A.S. testified that when she was nine or ten years old, she spent the night at Ortega's house. She and several other children were sleeping in the living room when Ortega entered the room and touched her with his hand, under her clothes, on her chest and vagina. Ortega left the room when A.S. began to cry.

A.S. did not tell anyone about the incident because she did not think anyone would believe her. In 2007, when A.S. was seventeen, she told her fiancé what had happened. A.S.'s fiancé encouraged her to tell her mother what had happened and, that same day, A.S. did so. A.S.'s mother became upset and immediately left to confront Ortega about A.S.'s outcry. A.S.'s mother testified that, when she confronted Ortega, he began to cry, asked for forgiveness, and said he did not "mean to hurt nobody, harm nobody." He also said he was willing to participate in counseling or therapy. A.S.'s mother did not contact the police immediately because it was difficult for her to accept "it had happened." At some point, A.S. also told her science teacher about the incident. A.S. testified that, after her outcry, Ortega apologized to her "for what he did."

Detective Steven Lee testified that he was assigned to the case in January 2009. He interviewed A.S. in February 2009 and Ortega in July 2009. During the hour-long interview, Ortega was "very emotional" and cried. Detective Lee asked Ortega if A.S. was "making this up," and Ortega said he did not know. Ortega also said A.S. had not done anything wrong and he did not believe she "was doing this for monetary reasons." Ortega did not answer when Lee asked if he was innocent.

The State also presented the testimony of the clinical supervisor of the Dallas Children's Advocacy Center to explain why children often delay making outcries of abuse. Additionally, the State offered a recording and English transcription of a jail telephone call between Ortega and his wife. In the call, Ortega advised his wife to make sure that A.S. and her mother did not appear at trial because "they will send me for years."

Ortega testified in his defense and denied molesting A.S. He admitted that he apologized to A.S.'s mother when she confronted him, but testified he did not know at that time what A.S.

2

was accusing him of doing. He denied telling A.S.'s mother that he was willing to get treatment. He denied apologizing to A.S., and stated he told A.S. only that he "was sorry that all this was happening." He also said that when he was interviewed by Detective Lee, he was not aware of the specific allegations against him. He acknowledged telling Detective Lee that he was not denying anything.

The jury convicted Ortega of indecency with a child by contact and sentenced him to twenty years' imprisonment.

## Analysis

In his sole issue, appellant argues the trial court erred by denying a mistrial after Detective Lee, under questioning by the State, referenced extraneous offenses. During his testimony, Detective Lee said he waited for four months after interviewing Ortega to file a case, which led to the following exchange:

> [PROSECUTOR]: And there was also a delay between the time that you actually - - once you finally did talk to the defendant on July 15th, to when the case was actually filed in November. And why was that?
>
> [DETECTIVE LEE]: *It was explained to me by the family there were other victims in the family, that there were several.*
>
> [DEFENSE COUNSEL]: May we approach, Your Honor?
>
> (Off-the-record bench conference.)
>
> [DEFENSE COUNSEL]: Objection, Your Honor. Violation of a pretrial motion that was filed and ruled on by the Court.
>
> [TRIAL COURT]: Overruled.
>
> [DEFENSE COUNSEL]: May I make - - note my exception. I move for a mistrial.
>
> [TRIAL COURT]: Okay. Denied. Let's move on.

(emphasis added). The prosecutor then passed the witness. After Detective Lee finished testifying, the trial recessed for lunch. Immediately after the lunch recess, the trial court revisited the issue:

> [TRIAL COURT]: Ladies and gentlemen, before the break, the [d]efense attorney had made an objection to a response of Detective Lee, and it's the one where he asked for a mistrial, and I overruled the objection.
>
> But after thinking about it over the lunch hour, I'll sustain the objection.
>
> [DEFENSE COUNSEL]: And, Judge, just now that the objection is sustained, I'm going to ask that the jury be instructed to - -
>
> [TRIAL COURT]: Okay.
>
> [DEFENSE COUNSEL]: Anything to do with anything extraneous had nothing to do with this case.
>
> [TRIAL COURT]: All right. Go ahead and disregard the response.

The trial court denied defense counsel's request for a mistrial.

Ortega argues the trial court erred by denying the motion for mistrial because Detective Lee's testimony constituted inadmissible and incurable evidence of an extraneous offense. When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for mistrial, the issue is whether the trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004); *see also Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 3030 (2011). We uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.* "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77; *see also Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009) (mistrial is extreme remedy and should be granted "'only when residual prejudice remains' after less drastic alternatives are explored" (quoting *Barnett v. State*, 161

4

S.W.3d 128, 134 (Tex. App.—Fort Worth, 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006)).

Whether a witness's improper reference to an extraneous offense warrants a mistrial depends on the particular facts of the case. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *see also Ocon*, 284 S.W.3d at 884. An instruction to disregard will ordinarily cure error associated with a witness's improper reference to an extraneous offense committed by the defendant. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (per curiam); *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam). We presume the jury followed the trial court's instruction to disregard testimony in absence of evidence that it did not. *Ladd*, 3 S.W.3d at 567 (quoting *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987)); *State v. Boyd*, 202 S.W.3d 393, 402 (Tex. App.—Dallas 2006, pet. ref'd). A mistrial is required only when the improper question or evidence is clearly prejudicial to the defendant and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Young*, 283 S.W.3d at 878; *Ladd*, 3 S.W.3d at 567; *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). In determining whether a prejudicial event was so harmful as to warrant a mistrial, we consider (1) the severity of the misconduct, (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004); *White v. State*, No. 02-11-00511-CR, 2013 WL 627031, at *8 (Tex. App.—Fort Worth Feb. 21, 2013, no pet. h.).

Assuming Detective Lee's testimony improperly referred to extraneous offenses committed by Ortega, we cannot conclude it amounted to the sort of clearly inflammatory evidence or extreme circumstance that would warrant a mistrial. Detective Lee's response implies there were reports of other victims without giving any details or even affirmatively

stating there were other victims. The record does not demonstrate the prosecutor's question was calculated to inflame the minds of the jury; rather, the question was designed to explain why Detective Lee waited four months after interviewing Ortega to file charges against Ortega. The State did not ask any follow-up questions and did not mention any other potential victims again during the guilt-innocence phase of the trial.

Further, the trial court ultimately sustained Ortega's objection and directed jurors to disregard Detective Lee's answer. The trial court also instructed the jury in the charge that it could consider extraneous-offense evidence only if it believed beyond a reasonable doubt that Ortega committed such acts and then only for specific purposes. There is nothing in the record to indicate the jury did not follow the trial court's instructions.

Finally, the jury had before it A.S.'s testimony about the incident, her mother's testimony regarding Ortega's response when she confronted him, the detective's testimony regarding his interview of Ortega, and an expert's testimony to explain the delayed outcry. Considering this evidence, and in particular crediting A.S.'s testimony, the State's case was strong, and nothing in the record suggests the jury would have not have convicted Ortega absent Detective Lee's reference to extraneous offenses.

Given the strength of the evidence against Ortega, the trial court's instruction to the jury to disregard the testimony, and the tangential nature of that testimony, we conclude the trial court did not abuse its discretion by denying Ortega's request for a mistrial. We resolve Ortega's sole issue against him.

We affirm the trial court's judgment.

                                     /Robert M. Fillmore/
                                     ROBERT M. FILLMORE
                                     JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120293F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDUARDO ORTEGA, Appellant

No. 05-12-00293-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F09-35217-I.
Opinion delivered by Justice Fillmore, Justices Lang-Miers and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered April 11, 2013.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE